[Cite as *Lopresti v. O'Brien*, 2016-Ohio-3124.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| ANTOINETTE LOPRESTI, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0065** |
| KELLY O'BRIEN, | : | |
| Defendant/Third-Party Plaintiff-Appellant, | : | |
| | : | |
| - vs - | : | |
| | : | |
| REMAX TRADITIONS, et al., | : | |
| Third-Party Defendants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2015 M 000555.

Judgment: Appeal dismissed.

*J. Jaredd Flynn*, Thrasher, Dinsmore & Dolan, 100 Seventh Avenue, #150, Chardon, OH 44024-1079 (For Plaintiff-Appellee).

*David V. Patton*, 33595 Bainbridge Road, Suite 200A, Solon, OH 43139-2981 (For Defendant/Third-Party Plaintiff-Appellant).

DIANE V. GRENDELL, J.

{¶1} On March 24, 2016, appellant, Kelly O'Brien, by and through counsel of record, filed a notice of appeal from a February 23, 2016 judgment entry of the Geauga County Court of Common Pleas.

{¶2} A review of the record in this matter reveals that on May 11, 2015, appellee, Antoinette LoPresti, filed an eviction action against appellant in the Chardon

Municipal Court. Appellant filed a counterclaim against appellee and filed third-party claims against her realtor. The matter was removed to the Geauga County Court of Common Pleas. In August 2015, appellant and appellee entered into a settlement agreement. There were cross-motions to enforce the settlement agreement filed by the parties. In the February 23, 2016 judgment entry, the trial court awarded appellee certain sums of money as a result of the settlement agreement between appellee and appellant. The entry contained no Civ.R. 54(B) language.

{¶3} On April 19, 2016, appellee filed a motion to dismiss the appeal claiming that this court does not have jurisdiction to consider this appeal since the entry appealed from is not a final appealable order. Appellee asserts that appellant's third-party claims are still pending, and the trial court's February 23, 2016 entry did not contain the requisite Civ.R. 54(B) language.

{¶4} Appellant has not filed a brief in opposition to the motion to dismiss.

{¶5} Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶6} Civ.R. 54(B) provides the following:

2

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶7} This court has repeatedly held that where there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Meffe v. Griffin,* 11th Dist. Trumbull No. 2012-T-0032, 2012-Ohio-3642, ¶ 11. *See also Elia v. Fisherman's Cove*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶ 6.

{¶8} Here, the trial court disposed of appellee's claims against appellant. However, it appears that there are claims still pending in the trial court against the third-party defendants. Without the inclusion of the Civ.R. 54(B) language, that there is not just reason for delay, no final appealable order exists at this time.

{¶9} Based upon the foregoing analysis, appellee's motion to dismiss is hereby granted, and this appeal is dismissed due to lack of a final appealable order.

{¶10} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3