MEMORANDUM OPINION
{¶ 1} On July 22, 2003, appellant, Kimberly Germ, filed a notice of appeal from a July 15, 2003 judgment of the Lake County Court of Common Pleas. In that judgment, the trial court granted the motion of appellees, Mark Fuerst and Sawyer House, Inc., to strike certain allegations that had been included in appellant's complaint. Specifically, appellant was ordered to file a new complaint within fourteen days omitting paragraph 9, subsections 1, m, and n, which were found to be immaterial and, therefore, a violation of Civ.R. 12(F). Additionally, the trial court denied appellant's motion to amend her complaint, denied her motion for sanctions, and her motion for attorney fees.
{¶ 2} On August 6, 2003, appellees filed a motion to dismiss this appeal due to the lack of a final appealable order, and a motion for attorney fees. Appellant filed a brief in opposition to these motions on August 11, 2003.
{¶ 3} Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by a court of appeals only if it constitutes a "final order" in the action. See, generally, Noll v. Noll, 9th Dist. Nos. 01CA007932 and 01CA007976, 2002-Ohio-4154. In R.C. 2505.02(B), the Ohio Legislature has set forth five categories of a "final order" for purposes of the constitutional provision. Under this statute, if a trial court's judgment satisfies any of the five categories, it will be considered a "final order" which can be immediately appealed and reviewed by an appellate court.
{¶ 4} In the present case, appellant supports her claim that a final appealable order exists by referencing R.C. 2505.02(B)(1). Appellant argues that the judgment of the trial court affects a substantial right and in effect determines the action and prevents a judgment in her favor.
{¶ 5} In analyzing appellant's argument, a distinction must be made between the trial court's order denying appellant's request to amend her complaint to add a claim of retaliation, and the trial court's order mandating that appellant file a new complaint that omits paragraph 9, subsections 1, m, and n.
{¶ 6} In appellant's original complaint, she listed ten causes of action against all or some of the six named defendants. Clearly, these claims are still pending. While the trial court's decision to deny appellant the opportunity to amend her complaint to include a claim of retaliation affected a substantial right and prevented a judgment in her favor on that claim and, thus, was a final order, Civ.R. 54(B) must be considered. It provides, in relevant part, that "[w]hen more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
{¶ 7} The trial court's order denying appellant's motion to amend her complaint did not include "no just reason for delay" language. We conclude that the denial of a motion to amend a complaint to include a new cause of action is analogous to the dismissal of a claim after it has been filed. Unless the judgment contains Civ.R. 54(B) language, it is not a final appealable order. See, generally, Kennedy v. Wiley (Sept. 10, 1998), 10th Dist. No. 97APE12-1569, 1998 WL 598105. Accordingly, this court does not have jurisdiction to consider this claim.
{¶ 8} The second issue which must be addressed is the appealability of the trial court's decision ordering appellant to file a new complaint that omitted paragraph 9, subsections 1, m, and n, of the original complaint. This order is simply an interlocutory order that does not fit within any of the categories of R.C. 2505.02. It is not a final order and appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached as to all claims and parties. Accordingly, that portion of the trial court's judgment which ordered appellant to file a new complaint omitting certain paragraphs is also not a final appealable order.
{¶ 9} Based upon the foregoing analysis, appellees' motion to dismiss the instant appeal is hereby granted. However, appellees' motion for attorney fees is overruled as attorney fees are not warranted in this case.
{¶ 10} The appeal is dismissed.
Appeal dismissed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.