MEMORANDUM OPINION
{¶ 1} On March 17, 2006, appellant, Kimberly Gregory, filed a notice of appeal with this court from a March 2, 2006 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} In the March 2, 2006 judgment entry, the trial court ordered that on or before March 15, 2006, the parties were to file a brief memorandum specifically setting forth the issues to be addressed by the trial court that were not addressed in the August 26, 2003 divorce decree. It is from that entry that appellant filed her notice of appeal.
 {¶ 3} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. Germ v. Fuerst, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. The Ohio Legislature in R.C.2505.02(B) has set forth five categories of a "final order" for purposes of the constitutional provision, and if a trial court's judgment satisfies any of the five categories, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals. R.C. 2505.02(B) states that:
 {¶ 4} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 7} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 11} "(5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 12} (6) An order determining the constitutionality of any changes to the Revised Code * * *."
 {¶ 13} In the instant matter, the trial court's March 2, 2006 order does not fit within any of the categories of R.C. 2505.05. Specifically, in this instance, the trial court merely ordered that the parties file a memorandum before March 15, 2006, identifying issues that were not addressed by the trial court in its August 26, 2003 divorce decree. Therefore, the order appellant appealed from is not a final order. Appellant will have a meaningful and effective remedy by way of an appeal once a final judgment is reached as to all claims and parties when the case is decided and/or dismissed.
 {¶ 14} Based upon the foregoing analysis, this appeal is not a final appealable order.
 {¶ 15} Appeal dismissed.
O'Neill, J., Grendell, J., concur.