MEMORANDUM OPINION
{¶ 1} On May 11, 2007, appellant, Erik S. Bowker, filed a notice of appeal. This case emanates from the Trumbull County Court of Common Pleas. Appellant describes *Page 2 
a "final judgment" in his notice of appeal and indicates that he is "appealing the final judgment and order in this case right now, even if the final judgment has not been entered yet." Based on the foregoing language, we cannot determine from what appellant is appealing. The only judgment that has issued thus far is a March 27, 2007 entry denying appellant's claim of indigency and ordering him to pay court costs. That order is being appealed in our appellate case number 2007-T-0053.
 {¶ 2} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.Germ v. Fuerst, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. Pursuant to R.C. 2505.02(B), there are five categories of a "final order," and if a trial court's judgment satisfies any of them, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals. R.C. 2505.02(B) states that:
 {¶ 3} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 6} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply: *Page 3 
 {¶ 8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 10} "(5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 11} (6) An order determining the constitutionality of any changes to the Revised Code * * *."
 {¶ 12} In the instant matter, at this point, there is no order issued by the trial court that fits within any of the categories of R.C.2505.02. The only judgment issued thus far is being appealed separately. Therefore, this court does not have jurisdiction to hear this appeal as it is premature. Since we do not have a final order at this time, this appeal is dismissed due to lack of jurisdiction.
 {¶ 13} Appeal dismissed.
 CYNTHIA WESTCOTT RICE, P.J., MARY JANE TRAPP, J., concur. *Page 1