[Cite as *King v. King*, 2013-Ohio-5484.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| PHILIP G. KING, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-G-3158** |
| JENNIFER L. KING, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 07 DC 000470.

Judgment: Appeal dismissed.

*R. Russell Kubyn*, Kubyn & Ghaster, LLP, 8373 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellee).

*Jennifer L. King*, pro se, 416 Downing Drive, Chardon, OH 44024 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} On August 23, 2013, appellant, Jennifer L. King, filed a notice of appeal from a July 26, 2013 entry of the Geauga County Court of Common Pleas.

{¶2} The docket in this case reveals that on July 22, 2013, appellant filed a motion to remove a hearing scheduled for September 5, 2013 from the calendar, which the trial court denied on July 26, 2013. Appellant filed the instant appeal from that entry.

{¶3} We must determine whether the denial of a motion to remove a hearing from the court's schedule is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately

reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶5} R.C. 2505.02(B) states that:

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} (6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} (7) An order in an appropriation proceeding * * *."

{¶16} Here, the denial of appellant's motion to remove the hearing from the court schedule does not determine the entire action, and thus, is not a final order pursuant to R.C. 2505.02(B)(1). The order does not vacate or set aside a judgment under R.C. 2505.02(B)(3). Furthermore, the order does not grant or deny a provisional remedy under R.C. 2505.02(B)(4). The July 24 entry also does not determine the status of a class action suit under R.C. 2505.02(B)(5).

{¶17} In order to be a final appealable order, the trial court's entry must be one that affects a substantial right made in a special proceeding pursuant to R.C. 2505.02(B)(2). A substantial right is a "* * * legal right entitled to enforcement and protection by law[.]" *In re Estate of Wyckoff*, 166 Ohio St. 354, 358 (1957). "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell V. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). In the case at hand, for the order to affect a substantial right, appellant must "establish that the right may not be vindicated on appeal after final judgment. '* * * A substantial right is not affected merely because an order has the immediate effect of restricting or limiting that right. Rather, a substantial right is affected

3

when there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right.'" *Galloway v. Galloway*, 10th Dist. No. 98AP-1007, 1999 Ohio App. LEXIS 2328, at *6 (May 20, 1999).

{¶18} In *Galloway*, *supra*, the appellant requested that he be transported to court to be present for his divorce hearing. The Tenth District Court of Appeals dismissed the appeal on the ground that denying the appellant's motion to convey was not a final appealable order. The court reasoned that nothing prevented the appellant from obtaining effective relief from that order once a judgment of divorce had been entered. *Id.* at *6-7. Furthermore, the court stated that the appellant could be represented at his divorce hearing by counsel who could protect the appellant's interests. *Id.* at *7. *See also, In re Alesci*, 11th Dist. No. 2010-G-2970, 2010 Ohio App. LEXIS 2959, 2010-Ohio-3466.

{¶19} In the matter before us, appellant filed a motion to remove the September 5, 2013 hearing from the court's calendar. However, nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment. Therefore, the trial court's order is not a final appealable order.

{¶20} Accordingly, this appeal is hereby sua sponte dismissed for lack of a final appealable order.

{¶21} Appeal dismissed.


TIMOHTY P. CANNON, P.J.,
COLLEEN MARY O'TOOLE, J.,
concur.

4