[Cite as *Kukkonen v. Kukkonen*, 2014-Ohio-978.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTINA KUKKONEN, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0108** |
| ERIK KUKKONEN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2010 DR 345.

Judgment:  Appeal dismissed.

*Thomas E. Schubert*, 138 East Market Street, Warren, OH  44481 (For Plaintiff-Appellee).

*Christopher A. Maruca*, The Maruca Law Firm, LLC, 201 E. Commerce Street, #316, Youngstown, OH  44503 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}  On November 6, 2013, appellant, Erik Kukkonen, by and through counsel of record, filed a notice of appeal from an October 15, 2013 entry of the Trumbull County Court of Common Pleas, Domestic Relations Division.

{¶2}  In the October 15, 2013 judgment entry, the trial court found appellant in contempt and sentenced him to ten days in jail.  The jail sentence was held in abeyance pending a compliance hearing before the judge to be held on November 14, 2013.  To

date, no hearing has occurred. It is from that entry that appellant filed his notice of appeal on November 6, 2013.

{¶3} On January 8, 2014, appellee filed a motion to dismiss. In her motion, appellee alleges that the order appealed from is not a final appealable order.

{¶4} No brief in opposition to the motion to dismiss has been filed.

{¶5} We must determine whether the order appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. No. 2010-T-0131, 2011-Ohio-1299; *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶6} Contempt of court consists of two elements. The first element is a finding of contempt, and the second one is the imposition of punishment. *Lundy v. Lundy*, 11th Dist. No. 2011-T-0110, 2012-Ohio-2007, ¶ 3. An order of contempt is final only after both elements have been satisfied. *Hague v. Hague*, 11th Dist. No. 2008-A-0069, 2009-Ohio-6509, ¶ 23.

{¶7} In the present case, the trial court found appellant to be in contempt of court, but the sentence on the contempt was held in abeyance. Since the appealed entry contains a reference to a hearing for the imposition of the sentence if the contempt is not purged, it is evident that the trial court intends on conducting further proceedings

2

before the contempt issue is concluded. Therefore, the second element of contempt has not occurred; namely, a finding by the trial court that the contemnor has failed to purge himself and an actual imposition of a penalty or sanction.

{¶8} Hence, because there is another order to be entered on the contempt issue, the original citation is not yet final. At this point, the contempt order is still conditional and not ripe for review. *Kimani v. Nganga*, 11th Dist. No. 2009-L-160, 2009-Ohio-3796, ¶ 4.

{¶9} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

{¶10} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.