[Cite as *Bachna v. Bachna*, 2014-Ohio-977.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| SARINA BACHNA, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-110** |
| RONALD BACHNA, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 11 DR 000629.

Judgment: Appeal dismissed.

*Mark A. Ziccarelli*, Ziccarelli & Martello, 8754 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellee).

*Ronald Bachna*, pro se, 5687 Laskey Road, Rome, OH 44085 (Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} On October 30, 2013, appellant, Ronald Bachna, pro se, filed a notice of appeal from a September 30, 2013 entry of the Lake County Court of Common Pleas, Domestic Relations Division.

{¶2} Appellee, Sarina Bachna, by and through counsel of record, filed a motion to dismiss the appeal for lack of a final appealable order. Appellant filed no memorandum in opposition to the motion to dismiss.

{¶3} Appellant and appellee were married in Kirtland, Ohio, on May 19, 2001. One child was born in 2002 as issue of the marriage. On September 28, 2011, appellee filed a complaint for divorce alleging gross neglect of duty, extreme cruelty, and incompatibility. Appellee sought temporary and permanent custody of the minor child, temporary and permanent child support and spousal support, a reasonable division of the marital property, and attorney's fees and costs. On October 2, 2012, appellant filed an answer in which he denied the allegations in appellee's complaint and counterclaimed for divorce.

{¶4} The case was referred to a magistrate, who issued a decision on March 22, 2013. Appellant filed objections to the magistrate's decision, which the trial court granted in part and denied in part on September 30, 2013. In the September 30, 2013 entry, the trial court also ordered appellee's attorney to "prepare and circulate for signature the final Judgment Entry of Divorce * * *." It is from that decision that appellant timely filed the instant notice of appeal with this court.

{¶5} We must determine whether the order appealed from is a final appealable order. The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. Accordingly, this court has jurisdiction to review only final and appealable orders. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶6} In the case at hand, the record shows that as of the date of the notice of appeal, October 30, 2013, the parties had yet to finalize their divorce. In fact, the

2

September 30, 2013 entry orders appellee's attorney to prepare the final judgment entry of divorce. The final divorce decree disposing of the case was issued by the court on November 26, 2013, and appellant filed a separate appeal from that entry with this court in Case No. 2013-L-135. Therefore, the September 30, 2013 entry was not a final appealable order, and appellant's appeal from it is premature.

{¶7} Based on the foregoing analysis, it is ordered that appellee's motion to dismiss the appeal is hereby granted, and this appeal is dismissed for lack of final appealable order.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.