[Cite as *Meadows v. Trumbull Cty. Health Dept.*, 2014-Ohio-1779.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| BERRY MEADOWS, et al., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0105** |
| TRUMBULL COUNTY HEALTH DEPARTMENT, et al., | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2012 CV 02625.

Judgment:  Appeal dismissed.

*David L. Engler*, 839 Southwestern Run, Youngstown, OH  44514 (For Plaintiff-Appellant).

*H. Gilson Blair*, DeHaven & Blair, Ltd., 154 North Park Avenue, Warren, OH  44481 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1}   On October 30, 2013, appellant, Berry Meadows, by and through counsel of record, filed a notice of appeal from a September 30, 2013 entry of the Trumbull County Court of Common Pleas.

{¶2}   The trial court record in the instant matter reveals that appellant and several other plaintiffs filed a complaint against appellee, the Trumbull County Health Department, as well as seven other defendants.  Appellee filed a motion to dismiss with the trial court on August 5, 2013.  On September 30, 2013, the trial court granted

appellee's motion to dismiss and dismissed appellant's claims against appellee because the court stated that it lacked jurisdiction over the subject matter of the action. Also, on September 30, 2013, the trial court ordered "all remaining defendants to file motions for summary judgment."

{¶3}  Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4}  Civ.R. 54(B) provides the following:

{¶5}  "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights

and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶6} This court has repeatedly held that where there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the claims or parties is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Meffe v. Griffin,* 11th Dist. No. 2012-T-0032, 2012-Ohio-3642, at ¶ 11. *See also*, *Elia v. Fisherman's Cove*, 11th Dist. No. 2010-T-0036, 2010-Ohio-2522, at ¶ 6.

{¶7} In the instant matter, the trial court granted appellee's motion to dismiss and dismissed appellant's claims against appellee. However, the trial court also ordered "all remaining defendants to file motions for summary judgment." On October 16, 2013, five of the remaining seven defendants filed a motion for summary judgment with the trial court. Thus, it appears that there are claims as well as parties still pending in the trial court. Therefore, without the inclusion of Civ.R. 54(B) language, no final appealable order exists at this time.

{¶8} Based upon the foregoing analysis, this appeal is hereby dismissed due to lack of a final appealable order.

{¶9} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3