[Cite as *Capperes v. Fasline*, 2016-Ohio-5674.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| JAMES A. CAPPERES, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs, | : | |
| - vs - | : | **CASE NOS. 2016-T-0081 and 2016-T-0083** |
| FRANCIS M. FASLINE, et al., | : | |
| Defendants-Appellants, | : | |
| AMERICAN FAMILY INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff-Appellee. | | |

Civil Appeals from the Court of Common Pleas, Case Nos. 2014 CV 01799 and 2015 CV 00664.

Judgment: Appeals dismissed.

*Angela J. Mikulka* and *Thomas L. Mikulka*, The Mikulka Law Firm, L.L.C., 134 Westchester Drive, Youngstown, OH 44515 (For Defendants-Appellants).

*David C. Engle*, 1900 Polaris Parkway, Suite 200B, Columbus, OH 43240 (For Plaintiff-Appellee).

THOMAS R. WRIGHT, J.

{¶1} Appellants, Francis M. Fasline, Michael Fasline, and Michelle Fasline, appeal the trial court's ruling and amended ruling granting partial summary judgment in favor of appellee, American Family Insurance. The appealed entries lack "no just

reason for delay" language and claims remain pending. Accordingly, the appeals are dismissed.

{¶2} An appellate court may entertain appeals from final judgments or orders. *Noble v. Colwell,* 44 Ohio St.3d 92, 96 (1989). A judgment of a trial court is immediately reviewable only if it constitutes a "final order." Section 3(B)(2), Article IV of the Ohio Constitution, *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, an appellate court lacks jurisdiction to review, and dismissal is required. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). "For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B)." *See Western Reserve Port Auth. v. B & K Energy*, 11th Dist. Trumbull No. 2015-T-0036, 2015-Ohio-2903, ¶ 6.

{¶3} Civ.R. 54(B) states as follow:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶4} Where there are multiple claims, judgment as to one or more but fewer than all of the claims is not a final, appealable order in the absence of language stating that "there is no just reason for delay[.]" *Meffe v. Griffin,* 11th Dist. Trumbull No. 2012-T-0032, 2012-Ohio-3642, ¶ 11; *see also Western Reserve Port Auth.*, *supra*, at ¶ 8.

2

{**¶5**}    Here, the trial court granted partial summary judgment to American Family Insurance, did not include "no just reason for delay" language, and other claims remain pending.  As such, the order is not final and this court lacks jurisdiction.  The appeals are hereby sua sponte dismissed due to lack of a final and appealable order.

{**¶6**}    Appeals dismissed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.