[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2017-Ohio-504.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | : | **MEMORANDUM OPINION** |
| Relator-Appellant, | : | |
| | | **CASE NO. 2016-P-0058** |
| - vs - | : | |
| PORTAGE COUNTY BOARD OF COMMISSIONERS, et al., | : | |
| | : | |
| Respondents-Appellees. | | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 00067.

Judgment: Appeal dismissed.

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor*,* and *Timothy J. Piero*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents-Appellees).

TIMOTHY P. CANNON, J.

{¶1} On September 15, 2016, appellant, Brian M. Ames, filed a pro se notice of appeal from an entry of the Portage County Court of Common Pleas.

{¶2} The record reveals that appellant filed his original complaint on January 28, 2016, alleging fifteen violations of the Open Meetings Act. Appellant then filed an amended complaint and added 25 additional counts of Open Meetings Act violations. Appellees, the Portage County Board of Commissioners, Maureen T. Frederick,

Kathleen Chandler, and Vickie A. Kline, filed a motion to strike the amended complaint. In a September 12, 2016 judgment entry, the trial court struck the amended complaint and ordered the case to proceed on the original complaint.

{¶3} In an entry dated October 24, 2016, this court ordered appellant to show cause why this appeal should not be dismissed for lack of a final appealable order. Appellant filed a brief in support of jurisdiction and argued that granting appellees' motion to strike appellant's amended complaint is a final order because it "affects a substantial, statutory, enforceable right in each of seven actions and in effect determines the action and prevents a judgment." Appellees filed a brief in opposition to jurisdiction and claimed that the instant appeal should be dismissed for lack of jurisdiction because the trial court has yet to render a decision on the original complaint.

{¶4} Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments.

{¶5} R.C. 2505.02(B) states that:

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

2

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} "(7) An order in an appropriation proceeding * * *."

{¶16} Here, appellant is attempting to appeal the striking of his amended complaint. The trial court's entry does not fit within any of the categories of R.C. 2505.02. Courts have held that an order striking a pleading is not a final appealable order. *Summit Mgt. Services, Inc. v. Andrews*, 9th Dist. Summit No. 25515, 2011-Ohio-2013, at ¶ 7; *Slanco v. Vindicator Printing Co.*, 14 Ohio App.3d 326, 327 (1984).

3

{¶17} Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order. Thus, this court is without jurisdiction to consider this appeal, and this appeal is hereby, sua sponte, dismissed for lack of a final appealable order.

{¶18} Appeal dismissed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.