[Cite as *Bank of Am., N.A. v. Brannon*, 2018-Ohio-136.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2017-T-0105** |
| - vs - | : | |
| TERRY L. BRANNON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CV 00587.

Judgment:  Appeal dismissed.

*Kris Velayudhan*, Levy & Associates, L.L.C., 4645 Executive Drive, Columbus, OH 43220 (For Plaintiff-Appellee).

*Terry L. Brannon*, pro se, 2402 Williams Road, Cortland, OH 44410 (Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1}    On November 9, 2017, appellant, Terry L. Brannon, filed a pro se notice of appeal from an October 11, 2017 entry of the Trumbull County Court of Common Pleas, in which the trial court granted appellee, Bank of America, N.A., leave to file a motion for summary judgment and ordered that the motion for summary judgment filed contemporaneously with the motion for leave is accepted as a proper pleading.

{¶2}    Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders.  *Noble v.*

*Colwell*, 44 Ohio St.3d 92, 96 (1989). Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals. Here, the October 11, 2017 entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B) and did not dispose of all the claims.

{¶4} The trial court failed to enter judgment stating the relief to be afforded. Therefore, at this point, there is no entry issued by the trial court that fits within any of the categories of R.C. 2505.02. The October 11, 2017 entry is not a final appealable order, and this court does not have jurisdiction to hear this appeal. Nothing is preventing appellant from obtaining effective relief through an appeal once the trial court has entered a final judgment in the action.

{¶5} Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order. Accordingly, the instant appeal is dismissed, sua sponte, for lack of jurisdiction.

{¶6} Appeal dismissed.


DIANE V. GRENDELL, J.,
TIMOTHY P. CANNON, J.,
concur.

2