[Cite as *Rockefeller Oil Co., L.L.C. v. Orwell-Trumbull Pipeline Co., L.L.C*, 2019-Ohio-2399.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ROCKEFELLER OIL COMPANY, LLC, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-L-001** |
| ORWELL-TRUMBULL PIPELINE CO., LLC, | : | |
| | : | |
| Defendant-Appellee. | | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CV 000726.

Judgment: Appeal dismissed.

*William T. Wuliger*, Wuliger & Wuliger LLC, 2003 St. Clair Avenue, Cleveland, OH 44115 (For Plaintiff-Appellant).

*Richard M. Bain*, Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Boulevard, Suite 600, Cleveland, OH 44122 (For Defendant-Appellee).

TIMOTHY P. CANNON, J.

{¶1} On January 9, 2019, appellant, Rockefeller Oil Company, LLC, through counsel, filed a notice of appeal from a Lake County Court of Common Pleas entry.

{¶2} This appeal arises from an action filed by appellant against appellee, Orwell-Trumbull Pipeline Co., LLC, asserting claims for breach of quasi-contract and unjust enrichment. Appellant alleged that appellee, under the receiver's management and control, is profiting from the use of appellant's natural gas lines without paying compensation.

{¶3} Appellee filed a motion to stay proceedings claiming that appellant could only pursue claims against it by first seeking leave of the Receivership Court since its assets were placed in receivership and subject to the jurisdiction of that court. The trial court granted appellee's motion to stay on October 31, 2018. Appellant then filed a motion to amend the court's order to either include language to allow an interlocutory appeal or for a motion to transfer the case to the Receivership Court. The trial court denied that motion on December 10, 2018, and the instant appeal ensued.

{¶4} On February 27, 2019, this court issued an entry indicating that we may not have jurisdiction to consider this appeal and ordered appellant to show cause why it should not be dismissed. In response, appellant argues that the entry on appeal is final because if it is not immediately appealed, it would foreclose appropriate relief in the future. Appellant also posits that it has a substantial right to use and profit from its property, and if appellant waits to appeal the trial court order until after the receivership is terminated, it will be precluded from a meaningful and effective remedy.

{¶5} Appellee filed a brief in opposition arguing that the order staying the matter is not final because it is not foreclosing on appropriate future relief and is not affecting a substantial right because appellant can petition the Receivership Court for leave to pursue its claims against appellee.

{¶6} Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction

to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶7}    R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgment, and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶8}    R.C. 2505.02(B) states:

{¶9}    "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶10}    "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶11}    "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶12}    "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶13}    "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶14}    "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶15}    "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶16} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶17} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶18} "(7) An order in an appropriation proceeding * * *."

{¶19} For R.C. 2505.02(B)(1) to apply to the appealed entry, it must affect a substantial right, determine the action, and prevent further judgment. The order involved in this appeal does not fit into this category. Appellant is appealing the denial of a motion to amend an order that stayed the action until the case in the Receivership Court is terminated. An order that stays an action until disposition of another case is not a final and appealable order. *Peterman v. Stewart*, 5th Dist. Delaware No. 02CAE11055, 2003-Ohio-696. R.C. 2505.02(B)(1) does not apply. The trial court's order is interlocutory in nature, and the issue is not yet ripe for review.

{¶20} For R.C. 2505.02(B)(2) to apply, the appealed entry must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). This case does not involve a special proceeding, and R.C. 2505.02(B)(2) does not apply.

{¶21} Further, the appealed entry did not vacate a judgment, deal with a class action, determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80, or deal with an appropriation proceeding. Thus, R.C. 2505.02(B)(3) and 2505.02(B)(5)-(7) have no application.

4

**{¶22}** To satisfy R.C. 2505.02(B)(4), an order must grant or deny a provisional remedy and satisfy both subsections (a) and (b) must apply. A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a * * * discovery or privileged matter * * *." R.C. 2505.02(A)(3). The trial court's order does not fall within this category either. Here, the trial court merely denied the motion to amend or transfer the matter to the Receivership Court. Appellant has not demonstrated that either requirement under subsection (a) or (b) of R.C. 2505.02(B)(4) has been met.

**{¶23}** An interlocutory order is simply not a final appealable order. Since there was no order dismissing or terminating the case, this appeal has been prematurely filed. Appellant will have a meaningful and effective remedy by means of an appeal once a final judgment as to all proceedings in this case is reached. *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, at ¶ 5.

**{¶24}** Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order, and this appeal is dismissed, sua sponte, for lack of jurisdiction.

**{¶25}** Appeal dismissed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.