[Cite as *Speece v. Speece*, 2020-Ohio-627.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| MARCIA SPEECE, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-G-0231** |
| BRYAN SPEECE, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Domestic Relations Division, Case No. 2015 DC 00460.

Judgment: Appeal dismissed.

*Joseph G. Stafford*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Bryan Speece*, P.O. Box 274, Mantua, OH 44255 (Defendant-Appellant).

*Jeffrey T. Orndorff*, Jeffrey T. Orndorff Co., L.P.A., 117 South Street, Suite 110, P.O. Box 1137, Chardon, OH 44024 (Guardian Ad Litem).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Bryan Speece, filed a notice of appeal from the October 15, 2019 judgment entry of the Geauga County Court of Common Pleas, Domestic Relations Division. Appellant did not attach the order being appealed to his notice of appeal and has not filed a brief. Upon review, this appeal is dismissed for lack of jurisdiction.

{¶2}    On October 11, 2019, the trial court held a hearing on several issues following a remand from this court.  In the October 15, 2019 judgment entry, the trial court found that appellant, as an alleged contemnor, was served with notice of a contempt motion and statutory notices pursuant to R.C. 2705.02(A) and 2705.03(1) in open court on October 11, 2019.  A hearing on the contempt motion was set for November 1, 2019.

{¶3}    On November 8, 2019, appellant filed a notice of appeal of the October 15, 2019 judgment entry.  No judgment entry was provided with the filing of the notice of appeal.  On December 10, 2019, appellant was given 20 days from the filing of the record to file a brief in the matter.  On December 18, 2019, the record was filed with the Geauga County Court of Common Pleas.  Appellant did not file a brief.

{¶4}    According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.  *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶3.  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶5}    Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if a trial court's judgment satisfies any of them, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals.

{¶6}    R.C. 2505.02(B) states:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

2

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am.Sub. S.B. 281 * * * or any changes made by Sub. S.B. 80 * * *.

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶7} In the instant matter, the trial court's order does not fit within any of the categories of R.C. 2505.02 (B). The judgment entry filed on October 15, 2019 merely identifies that appellant was served in open court with a pending motion for contempt, in accordance with the Ohio Revised Code and Rules of Civil Procedure.

3

{¶8} Based upon the foregoing, the October 15, 2019 judgment entry of the trial court in this matter is not a final appealable order. Thus, this court is without jurisdiction to consider the present appeal. This appeal is hereby dismissed for lack of jurisdiction.

{¶9} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.