[Cite as *Rosa v. Willoughby Zoning Dept.*, 2020-Ohio-4270.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| CRYSTAL ROSA, | : | **MEMORANDUM OPINION** |
| Appellant, | : | |
| | | **CASE NO. 2020-L-081** |
| - vs - | : | |
| CITY OF WILLOUGHBY ZONING DEPARTMENT, | : | |
| | : | |
| Appellee. | | |

Appeal from the City of Willoughby, PP# 27-B-047-A-00-025-0

Judgment: Appeal dismissed.

*Crystal Rosa,* pro se, 38840 Wood Road, Willoughby, OH 44094 (Appellant).

*Michael C. Lucas*, City of Willoughby Law Department, 1 Public Square, Willoughby, OH 44094 (For Appellee).

MATT LYNCH, J.

{¶1}   On May 4, 2020, the City of Willoughby's Chief Building Official issued a "Notice of Violation Cease and Desist Order" to Anthony Hounshell, the property owner, indicating that pursuant to Codified Ordinance Schedule 1131.03, the "keeping, raising, rescuing, boarding or servicing of pigs is not permitted in a R-80 zone district."   On June 11, 2020, the City of Willoughby, Board of Zoning Appeals, issued a letter to appellant, Crystal Rosa, stating that at their meeting, her appeal for the "keeping, raising, rescuing, boarding or servicing of pigs" was denied, and since it was denied she had "thirty days to

file an appeal with the Lake County Court of Common Pleas." Ms. Rosa filed the instant appeal on July 9, 2020 against the City of Willoughby Zoning Department.

{¶2} Appellee, the City of Willoughby Zoning Department, moved to dismiss the action on August 6, 2020, for failure to comply with the requirements of R.C. Chapters 2505 and 2506. Appellee posits that the appeal is flawed for two reasons: first, the City of Willoughby Zoning Department is identified as an appellee, which is completely separate and independent from the Board of Zoning Appeals, which is the agency that made the decision to deny Ms. Rosa's requested variance; and second, an appeal from the decision of an administrative board is to be filed in and determined by the court of common pleas and not a court of appeals.

{¶3} We must determine if there is a final order, as this court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} There is no trial court order to appeal that fits within any of the categories of R.C. 2505.02. Only a letter from the City of Willoughby, Board of Zoning Appeals denying the requested variance. Pursuant to R.C. 2506.01, those who seek relief from a

2

board of zoning appeals' determination must appeal to a court of common pleas. Here, Ms. Rosa filed her appeal directly with the court of appeals instead of the court of common pleas, and she also listed the zoning department as the appellee instead of the board of zoning appeals. Therefore, at this point, this court has no jurisdiction to entertain this matter

{¶5} Accordingly, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of jurisdiction.

{¶6} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

3