[Cite as *L. Bryan Carr Co., LPA v. Laforge*, 2024-Ohio-2320.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

L. BRYAN CARR CO., LPA, et al.,

Plaintiffs-Appellees,

- vs -

MARILYN A. LAFORGE,
f.k.a. DEL ZOPPO, et al.,

Defendant-Appellant.

**CASE NO. 2024-G-0025**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 F 000495

**M E M O R A N D U M**
**O P I N I O N**

Decided: June 17, 2024
Judgment: Appeal dismissed

*Brian Green*, Shapero & Green, LLC*,* Signature Square, Building II, 25101 Chagrin Boulevard, Suite 220, Beachwood, OH 44122 (For Plaintiffs-Appellees).

*Andrew M. Engel*, Dann Law Office, 15000 Madison Avenue, Lakewood, OH 44107 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} This appeal is taken from a judgment in which the Geauga County Court of Common Pleas granted the motion for summary judgment filed by appellees, L. Bryan Carr Co., LPA and L. Bryan Carr.

{¶2} The docket reveals that appellees filed a foreclosure complaint against appellant, Marilyn A. Laforge, f.k.a. Delzoppo, as well as others. Appellant filed an answer and counterclaim, which was dismissed. Appellees moved for summary judgment, which the trial court granted on April 18, 2024. On May 17, 2024, the instant appeal ensued.

{¶3} This court must decide whether the appealed order is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by this court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, a reviewing court has no jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶5} R.C. 2505.02(B) states that:

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

2

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} "(7) An order in an appropriation proceeding * * *."

{¶16} For R.C. 2505.02(B)(1) to apply to the April 18, 2024 judgment, it must affect a substantial right, determine the action, and prevent further judgment. In general, an entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final appealable order. *Third Natl. Bank of Circleville v. Speakman*, 18 Ohio St.3d 119 (1985). This court has stated that a trial court has failed to issue a final appealable order and has no jurisdiction to consider an appeal until a final decree of foreclosure has been issued. *Sunset Cove Community Assn. v. Whetzel*, 2021-Ohio-3658, ¶ 19 (11th Dist.). Hence, R.C. 2505.02(B)(1) does not apply.

{¶17} For R.C. 2505.02(B)(2) to be applicable, the judgment under review must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Since foreclosure actions were in existence prior

3

to 1853, they are not special proceedings in the context of final appealable orders. *Sunset Cove* at ¶ 17. Therefore, R.C. 2505.02(B)(2) is inapplicable.

{¶18} The judgment on appeal also did not vacate a judgment, grant a provisional remedy, deal with a class action, determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80, or deal with an appropriation proceeding. Thus, R.C. 2505.02(B)(3)-(7) do not apply.

{¶19} The April 18, 2024 judgment on appeal does not include any language to proceed with a foreclosure sale. Consequently, the entry is not a final appealable order, but rather is simply prefatory to the issuance of an actual foreclosure decree ordering the sale of the property and establishing the priority of any valid liens. Until a final decree of foreclosure is issued, this court is without jurisdiction to consider the merits of this case.

{¶20} For the foregoing reasons, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.


EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.