[Cite as *Sheila Albanese, L.L.C. v. Cleveland Acc. Rehab, L.L.C.*, 2024-Ohio-2868.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

SHIELA ALBANESE, LLC,

        Plaintiff,

    - vs -

CLEVELAND ACCIDENT
REHAB, LLC, et al.,

        Defendants/Third Party
        Plaintiffs-Appellants,

    - vs -

ALEX FRANTZIS, DC, et al.,

        Third Party Defendants-
        Appellees.

**CASE NO. 2024-T-0056**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 CV 00440

---

# MEMORANDUM
# OPINION

Decided: July 29, 2024
Judgment: Appeal dismissed

---

*Charles Bennett*, 1 Eagle Valley Court, Broadview Heights, OH 44147 (For Defendants/Third Party Plaintiffs-Appellants).

*Laura L. Volpini*, Volpini Law, LLC, 15300 Pearl Road, Suite 201, Strongsville, OH 44136 and *Jeffrey W. Krueger*, Krueger and Valente Law, LLC, 11925 Pearl Road, Suite 201, Strongsville, OH 44136 (For Third Party Defendant-Appellee, Alex Frantzis, DC).

*Brendan J. Keating*, Guarnieri & Secrest, PLL, 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Third Party Defendant-Appellee, Todd Waldron, DC).

JOHN J. EKLUND, J.

{¶1} Appellants, Cleveland Accident Rehab, LLC (CAR) and John Fortuna (Fortuna), appeal from an entry of the Trumbull County Court of Common Pleas. We hereby dismiss this appeal for the reasons that follow.

{¶2} Shiela Albanese, LLC (Albanese) filed a breach of contract action against appellants, which arose from an agreement for medical billing and collections entered between Albanese and CAR. Appellants filed a third-party complaint against appellees, Alex Frantzis, DC (Frantzis) and Todd Waldron, DC (Waldron), alleging that they entered into the agreement with Albanese as members of CAR. Frantzis filed a motion to dismiss, which was converted to a motion for summary judgment. In a May 16, 2024 judgment entry, the trial court granted Frantzis' motion for summary judgment, granted Frantzis' request for sanctions and ordered that the amount of sanctions be determined at a hearing to be scheduled with the magistrate. The entry did not include "there is no just reason for delay" language pursuant to Civ.R. 54(B). Appellants dismissed their claim against Waldron. This appeal ensued.

{¶3} Frantzis filed a motion to dismiss the appeal for lack of a final appealable order.

{¶4} Initially, we must determine if there is a final order since this court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Germ v. Fuerst*, 2003-Ohio-6241, ¶ 3 (11th Dist.). If it is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 2011-Ohio-6838, ¶ 3 (11th Dist.).

2

Case No. 2024-T-0056

**{¶5}** Civ.R. 54(B) provides the following:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and * * * when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶6}** This court has stated that when multiple claims and/or parties are involved, an order entering final judgment as to one or more but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Smith v. McKee*, 2023-Ohio-4906 (11th Dist.).

**{¶7}** In this matter, the trial court did not resolve all the claims between all parties and did not make an express determination that there is no just reason for delay pursuant to Civ.R. 54(B) in its May 16, 2024 judgment entry. Thus, the entry on appeal is not a final appealable order, and this court is without jurisdiction to hear this appeal.

**{¶8}** Based upon the foregoing analysis, appellee's motion to dismiss is hereby granted, and this appeal is dismissed for lack of a final appealable order.

**{¶9}** Appeal dismissed.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

3

Case No. 2024-T-0056