[Cite as *In re Estate of Adams*, 2019-Ohio-4319.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **MEMORANDUM OPINION** |
| THE ESTATE OF ERNEST J. ADAMS | : | |
| | | **CASE NO. 2019-G-0209** |

Civil Appeal from the Geauga County Court of Common Pleas, Probate Division, Case No. 2017 PE 000390.

Judgment: Appeal dismissed.

*Joseph A. Zannieri*, Summit Professional Building, 85 Benedict Avenue, Suite 102, Norwalk, OH 44857 (For Plaintiff-Appellant, Kenneth J. Adams).

MARY JANE TRAPP, J.

{¶1}  Appellant, Kenneth J. Adams, through counsel, filed an appeal from a May 3, 2019 entry of Geauga County Court of Common Pleas, Probate Division.

{¶2}  Kenneth Adams applied to administer the estate of his father, Ernest J. Adams. He attempted to file a copy of Ernest Adams' California Last Will and Testament with the trial court. In a May 3, 2019 entry, the trial court gave Kenneth until June 5, 2019, to obtain and file the original will with the court. The trial court also stated that if the original will was not filed by that date, the "case will be closed." The instant appeal ensued.

{¶3}  On August 27, 2019, this court ordered Kenneth Adams to show cause why the appeal should not be dismissed since there does not appear to be a final appealable order. In his response, Kenneth Adams posits that the entry on appeal affects a

substantial right because the "estate is effectively closed, barring the Adams sons' inheritance."

**{¶4}** Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

**{¶5}** R.C. 2505.02(B) defines a final order as one of the following:

**{¶6}** "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶7}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶8}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

**{¶9}** "(3) An order that vacates or sets aside a judgment or grants a new trial;

**{¶10}** "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

2

**{¶11}** "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

**{¶12}** "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶13}** "(5) An order that determines that an action may or may not be maintained as a class action;

**{¶14}** "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

**{¶15}** "(7) An order in an appropriation proceeding * * *."

**{¶16}** Here, the trial court's May 3, 2019 entry simply ordered Kenneth Adams to produce an original last will and testament, and stated that if one was not filed, the case would be closed. However, the trial court never issued a subsequent entry closing the case.

**{¶17}** At this juncture, there is no entry issued by the trial court that fits within any of the categories of R.C. 2505.02. An interlocutory order is simply not a final appealable order. Since there was no entry dismissing or terminating the case, this appeal has been prematurely filed. Appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached. *See Tomaiko* at ¶ 5.

**{¶18}** Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order, and this appeal is dismissed, sua sponte, for lack of jurisdiction.

**{¶19}** Appeal dismissed.

3

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.