[Cite as *Molk v. Perram Elec., Inc.*, 2022-Ohio-1007.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

MARK MOLK,

Plaintiff-Appellant,

- v -

PERRAM ELECTRIC, INC.,

Defendant,

CITY OF MENTOR, et al.,

Defendant-Appellee.

**CASE NO. 2021-L-127**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 CV 000660

**M E M O R A N D U M**
**O P I N I O N**

Decided: March 28, 2022
Judgment: Appeal dismissed

*Matthew C. Rambo*, Freeburg & Freeburg, LLC, 6690 Beta Drive, Suite 320, Mayfield Village, OH 44143 (For Plaintiff-Appellant).

*Joseph J. Santoro*, Gallagher Sharp, LLP, 1215 Superior Avenue, 7th Floor, Cleveland, OH 44114 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Mark Molk, appeals from a Lake County Court of Common Pleas entry. We hereby dismiss this appeal for the reasons that follow.

{¶2} Plaintiff-Appellant filed a complaint and petition for writ of mandamus against defendant-appellee, the City of Mentor, and two other defendants, Perram Electric, Inc. and Lake County. Appellee filed a motion to dismiss each claim against it pursuant to

Civ.R. 12(B)(6) as being time-barred and/or based on governmental functions for which it is immune from liability. Appellant opposed the motion. In a November 17, 2021, the trial court granted appellee's motion to dismiss based on sovereign immunity pursuant to R.C. 2744.03(A) and disposed of appellant's claims against appellee. However, the entry did not dispose of appellant's claims against the other defendants and did not include "there is no just reason for delay" language. This appeal ensued.

{¶3} On December 23, 2021, appellee filed a motion to dismiss the appeal for lack of a final appealable order. Appellant filed a brief in opposition to the motion to dismiss on January 18, 2022.

{¶4} Initially, we must determine if there is a final order since this court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If it is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶6} Civ.R. 54(B) provides the following:

2

Case No. 2021-L-127

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and * * * when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶7} While R.C. 2744.02(C) grants a political subdivision an immediate right to appeal the denial of a benefit of sovereign immunity, there is no statutory provision granting a litigant an automatic appeal when a political subdivision is granted such immunity. See *Zoldan v. Lordstown*, 11th Dist. Trumbull No. 2014-T-0002, 2014-Ohio-3007, ¶ 9.

{¶8} Here, while the trial court granted appellee's motion to dismiss, appellant's claims against the other two defendants, Perram Electric, Inc. and Lake County, are still pending. Further, the November 17, 2021 entry on appeal does not contain any Civ.R. 54(B) language. Thus, no final order currently exists, and this court is without jurisdiction to hear this appeal.

{¶9} Based upon the foregoing analysis, appellee's motion to dismiss is hereby granted, and this appeal is dismissed for lack of a final appealable order.

{¶10} Appeal dismissed.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

3

Case No. 2021-L-127