[Cite as *Suhay v. Fade*, 2022-Ohio-1368.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

RICHARD SUHAY,

       Plaintiff-Appellant,

- v -

VILMA FADE, et al.,

       Defendants-Appellees.

| |
CASE NO. 2022-A-0008

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2017 CV 00043

---

# **M E M O R A N D U M**
# **O P I N I O N**

Decided: April 25, 2022
Judgment: Appeal dismissed

---

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (For Plaintiff-Appellant).

*Patrick D. Quinn* and *Ronald A. Annotico,* Quinn Legal Associates, Inc., 2802 SOM Center Road, Suite 102, Willoughby Hills, OH 44094 (For Defendants-Appellees).

JOHN J. EKLUND, J.

{¶1}    Appellant, Richard Suhay, through counsel, appeals a February 11, 2022 entry from the Ashtabula County Court of Common Pleas.

{¶2}    On March 17, 2022, appellees, Vilma Fade and William Fade, filed a motion to dismiss the appeal for lack of a final appealable order. In their motion, appellees allege that the entry on appeal is a scheduling order, which is not a final appealable order.

{¶3}    Appellant filed a brief in response to the motion to dismiss.

**{¶4}** We must determine if there is a final order, as this court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

**{¶5}** R.C. 2505.02(B) defines a final order as one of the following:

**{¶6}** "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶7}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶8}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

**{¶9}** "(3) An order that vacates or sets aside a judgment or grants a new trial;

**{¶10}** "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

**{¶11}** "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

2

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} "(7) An order in an appropriation proceeding * * *."

{¶16} For R.C. 2505.02(B)(2) to apply to this case, the orders under review must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). This case does not involve a special proceeding in the context of final appealable orders. Thus, R.C. 2505.02(B)(2) does not apply.

{¶17} It is clear there is no entry vacating a judgment, granting a provisional remedy, dealing with a class action, determining the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80, or dealing with an appropriation proceeding. Therefore, R.C. 2505.02(B)(3)-(7) do not apply.

{¶18} For R.C. 2505.02(B)(1) to apply to the appealed entry, it must affect a substantial right, determine the action, and prevent further judgment. Here, the entry does not fit into this category. Appellant is appealing an order scheduling a hearing. The hearing is about the privilege issue and to determine if appellant's attorney's testimony relates to a significant issue in the case that may require him to be a trial witness. The trial court also indicated that it "may receive evidence *in camera* if deemed appropriate."

3

The trial court has made no rulings on the issue of attorney-client privilege, *in camera* review, or whether appellant's attorney will be required to testify.

{¶19} Initially, we note that, in general, discovery issues are interlocutory in nature and a trial court's entry regarding those issues does not constitute a final appealable order. *Lancaster v. Mettler*, 11th Dist. Trumbull No. 2019-T-0075, 2019-Ohio-5418, at ¶ 18. However, provisional remedies ordering discovery of alleged privileged material are final and appealable. *See Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676 (an order compelling the production of privileged documents to an opposing party constitutes a final appealable order).

{¶20} Here, the trial court's February 11, 2022 entry simply discussed scheduling a hearing which was set by a separate notice. There was no order or entry dismissing or terminating the case or an entry of judgment. An interlocutory order is simply not a final appealable order. This appeal has been prematurely filed. Appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached. *See Children's Hosp. Med.*, *supra* at ¶ 5.

{¶21} Based upon the foregoing, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of a final appealable order.

{¶22} Appeal dismissed.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

4

Case No. 2022-A-0008