[Cite as *In re J.B.*, 2022-Ohio-3488.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| IN THE MATTER OF:<br><br>J.B. | **CASE NO. 2022-G-0030**<br><br>Civil Appeal from the<br>Court of Common Pleas,<br>Juvenile Division<br><br><br>Trial Court No. 2021 CU 000123 |

---

## M E M O R A N D U M
## O P I N I O N

Decided: September 30, 2022
Judgment: Appeal dismissed

---

*R. Russell Kubyn*, Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, OH 44060 (For Appellant).

*Laura M. Wellen*, Thrasher, Dinsmore & Dolan, LPA, 100 Seventh Avenue, Suite 150, Chardon, OH 44024 (For Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} On July 19, 2022, appellant, Pamela L. Braun, through counsel, filed an appeal from two June 29, 2022 entries of Geauga County Court of Common Pleas, Juvenile Division, in which the trial court overruled appellant's objections to a proposed judgment entry, adopted an alleged oral agreement and denied a motion for rehearing.

{¶2} This case stems from a complaint for legal custody and child support filed by appellee, Ralph Braun. The entries resolve the issue of legal custody, but order that "[t]he issues of child support and medical cash support would be set for another hearing."

{¶3}   On August 4, 2022, this court issued an entry ordering appellant to show cause why this appeal should not be dismissed for lack of a final appealable order.  No response to that entry has been filed.

{¶4}   We must determine if there is a final order, as this court may entertain only those appeals from final judgments.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).  According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.  *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).  *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5}   When a juvenile court determines custody, but defers it decision on child support to a later date, that decision does not constitute a final appealable order pursuant to R.C. 2505.02(B).  *Brown v. Dean*, 11th Dist. Geauga No. 2015-G-0034, 2016-Ohio-1360, ¶ 20.

{¶6}   Here, although the trial court resolved the issue of legal custody, it did not address support.  Thus, the court's judgment in this case is not yet final, and this appeal is dismissed for lack of a final appealable order.


THOMAS R. WRIGHT, P.J.,
MATT LYNCH, J.,
concur.

Case No. 2022-G-0030