[Cite as *Frawley v. Beach*, 2023-Ohio-1087.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| ALYSHA N. FRAWLEY, et al., | **CASE NO. 2022-A-0118** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Juvenile Division |
| RANDALL A. BEACH, | |
| Defendant-Appellee. | Trial Court No. 2015 JI 00021 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: March 31, 2023
Judgment: Appeal dismissed

*R. Russell Kubyn*, Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, OH 44060 (For Plaintiff-Appellant).

*William P. Bobulsky,* William P. Bobulsky Co., LPA, 1612 East Prospect Road, Ashtabula, OH 44004 (For Defendant-Appellee).

*Eileen Noon Miller*, P.O. Box 1681, Mentor, OH 44061 (Guardian Ad Litem).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Alysha N. Frawley, appeals from a paternity action in the Ashtabula County Court of Common Pleas, Juvenile Division.

{¶2} Appellant and appellee, Randall A. Beach, entered a shared parenting plan allocating parental rights, responsibilities, and companionship for their child. The court adopted the plan as an agreed judgment entry. The parties modified the original plan on May 14, 2020, but no entry of that agreement was submitted to the trial court.

{¶3} On October 27, 2020, appellant filed a notice of relocation out of Ashtabula County. On June 4, 2021, appellee filed a motion for visitation along with a motion for appellant to show cause why she should not be held in contempt for failing to comply with the court orders by not allowing him contact and visitation with the child since her relocation. Appellee then filed a verified amended complaint for determination of parental rights on August 2, 2022, along with a verified amended motion to show cause. The trial court scheduled hearings with respect to the motion to show cause and for a review of the parental rights and companionship time, but those hearings have yet to be held.

{¶4} On November 22, 2022, appellee filed a supplemental verified amended complaint for the determination of parental rights, a supplemental motion to show cause and for attorney fees and an emergency ex parte order of parenting time. On November 28, 2022, the trial court ordered that parental rights be modified as set forth in the supplemental verified amended complaint for determination of parental rights. The court further ordered appellant appear and show cause why she should not be punished for contempt of court for not letting appellee have companionship with the parties' minor child and ordered parenting time for appellee with the child from December 17, 2022 to January 1, 2023. On December 21, 2022, after no visitation occurred, appellee filed a second supplemental verified amended motion to show cause and for attorney fees and second emergency ex parte order of parenting time. The court set a hearing on February 16, 2023. To date, no hearing has taken place.

{¶5} It is from the November 28, 2022 entry that appellant filed the instant appeal. Appellee moved to dismiss the appeal for lack of a final appealable order. Appellant filed a brief in opposition to the motion.

2

**{¶6}** Initially, we must determine whether there is a final, appealable order, as this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

**{¶7}** R.C. 2505.02(B) defines a final order as one of the following:

**{¶8}** "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

**{¶9}** "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

**{¶10}** "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

**{¶11}** "(3) An order that vacates or sets aside a judgment or grants a new trial;

**{¶12}** "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

3

Case No. 2022-A-0118

{¶13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶15} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶16} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶17} "(7) An order in an appropriation proceeding * * *."

{¶18} Here, the November 28, 2022 entry does not fit within any of the categories for being a final order pursuant to R.C. 2505.02. The trial court has not fully resolved the issue of parenting time. Instead, the court only set a period of visitation for the father from December 17, 2022, to January 1, 2023. Appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached.

{¶19} Based upon the foregoing analysis, the judgment of the trial court is not a final appealable order. Appellee's motion to dismiss is granted, and this appeal is dismissed for lack of jurisdiction.

{¶20} Appeal dismissed.


MARY JANE TRAPP, J.,
EUGENE A. LUCCI, J.,
concur.

Case No. 2022-A-0118