[Cite as *Dulemba v. Leet*, 2023-Ohio-4603.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

MARCIA DULEMBA,

        Plaintiff-Appellant,

- vs -

PAUL LEET, et al.,

        Defendant-Appellee.

CASE NO. 2023-A-0057

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 00218

## M E M O R A N D U M
## O P I N I O N

Decided: December 18, 2023
Judgment: Appeal Dismissed

*Kyle B. Smith*, Smith & Miller, Attorneys at Law, 36 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellant).

*William P. Bobulsky* and *Michelle M. Fisher*, William P. Bobulsky Co., LPA, 1612 East Prospect Road, Ashtabula, OH 44004 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} Appellant, Marcia Dulemba, through counsel, appeals an entry from the Ashtabula County Court of Common Pleas.

{¶2} Appellant filed this action in 2020, alleging a claim of nuisance and a claim for the creation of a prescriptive easement. Appellee, Paul Leet, answered and filed a counterclaim consisting of four counts of nuisance. The matter was tried by a Magistrate who issued a decision awarding appellee $5,000 for his nuisance claims and $15,000 for punitive damages against appellant. The Magistrate also decided that appellee should

be awarded attorney's fees. Appellant filed objections to the Magistrate's Decision.  In an entry dated September 13, 2023, the trial court overruled the objections and awarded $5,000 in damages and $10,000 in punitive damages.  The trial court further awarded "attorney's fees to be determined at a later hearing."  This appeal ensued.

{¶3}    Appellee moved to dismiss the appeal for lack of a final appealable order.  Appellant filed no opposition.

{¶4}    We must determine if there is a final order, as this court may entertain only those appeals from final judgments.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).  According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.  *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).  *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5}    Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶6}    This court has stated that a judgment entry that "expressly orders attorney fees but does not specify an amount of fees is not a final appealable order."  *Carter-Jones Lumber Co. v. Ponder Dev., Inc.*, 11th Dist. Portage No. 2023-P-0072, 2023-Ohio-4372.  In the instant matter, the trial court's September 13, 2023 judgment entry awarded

2

attorney's fees to appellee but deferred the amount to be determined at a later hearing. Until the attorney fees amount is determined, all matters before the trial court have not been resolved. Therefore, this judgment is not a final appealable order.

{¶7} Accordingly, appellee's motion to dismiss is hereby granted, and this appeal is dismissed due to lack of jurisdiction.

{¶8} Appeal dismissed.

JOHN J. EKLUND, P.J.,

ROBERT J. PATTON, J.,

concur.

3