[Cite as *Redding v. United States Parachute Assn.*, 2024-Ohio-1651.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

WESLEY J. REDDING,

        Plaintiff-Appellant,

- vs -

UNITED STATES PARACHUTE
ASSOCIATION, INC., et al.,

        Defendants-Appellees.

| |
|---|
| **CASE NO. 2024-G-0014** |
| Civil Appeal from the Court of Common Pleas |
| Trial Court No. 2023 P 000619 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: April 29, 2024
Judgment: Appeal dismissed

*Wesley J. Redding*, pro se, 338 Irma Drive, Chardon, OH 44024 (Plaintiff-Appellant).

*Tyler Tarney* and *Andrea C. Hofer*, Gordon Rees Scully Mansukhani, LLP, 41 South High Street, Suite 2495, Columbus, OH 43215 (For Defendants-Appellees).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Wesley J. Redding, filed the instant pro se appeal from a Geauga County Court of Common Pleas entry.

{¶2} Appellant filed this action alleging a breach of contract, violation of the Sarbanes-Oxley Act, intentional interference with a business interest, self-dealing in violation of R.C. §1729.24, breach of good faith, negligence, and a request for a temporary restraining order and a permanent injunction against appellees, United States Parachute Association, Sherry Butcher, AerOhio Skydiving Center, Marcie Anne Smith,

and Cleveland Skydiving Center, Inc. In a March 7, 2024 entry, the trial court found no genuine issue of material facts existed and appellees were entitled to judgment as a matter of law. In that entry, the trial court also found the complaint was frivolous, and that appellant should be liable to pay appellees' reasonable attorney fees. The court stated that it would set "an evidentiary hearing under separate order." This appeal ensued.

{¶3} Since this court may entertain only those appeals from final judgments, we must determine if there is a final order. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court judgment can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶4} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶5} This court has stated that a judgment entry that "expressly orders attorney fees but does not specify an amount of fees is not a final appealable order." *Dulemba v. Leet*, 11th Dist. Ashtabula No. 2023-A-0057, 2023-Ohio-4603, ¶ 6. Here, the trial court's March 7, 2024 judgment awarded attorney fees to appellees but deferred the amount to be determined at a later hearing. Until the attorney fees amount is determined, all matters

2

before the trial court have not been resolved. Therefore, this judgment is not a final appealable order.

{¶6} Accordingly, this appeal is dismissed due to lack of jurisdiction.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

3