[Cite as *RAJ Holdings, Inc. v. Helman*, 2024-Ohio-5552.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| RAJ HOLDINGS, INC. d.b.a. BUMPERS BAR & GRILL, et al., | **CASE NO. 2024-L-057** |
| Plaintiffs-Appellees, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| DANIEL L. HELMAN, et al., | Trial Court No. 2022 CV 001271 |
| Defendants, | |
| STEVE SCERANKA, et al., | |
| Defendants-Appellants. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: November 25, 2024
Judgment: Appeal dismissed

*Edward J. Heben, Jr.*, Heben Law, LLC, 3700 Euclid Avenue, Cleveland, OH 44115 (For Plaintiffs-Appellees).

*Nicholas M. Vento* and *Mark M. Mikhaiel*, Schneider Smeltz Spieth Bell, LLP, 1375 East Ninth Street, Suite 900, Cleveland, OH 44114 (For Defendants-Appellants).

EUGENE A. LUCCI, P.J.

{¶1} Appellants, Steve Sceranka and STL Management, LLC d.b.a. Falcon Real Estate, filed the instant appeal from multiple entries issued by the Lake County Court of Common Pleas.

{¶2} Appellees, RAJ Holdings, Inc. d.b.a. Bumpers Bar & Grill and Anita Vokic, filed a "Verified Complaint for Temporary Restraining Order, Preliminary and Permanent

Injunction, Declaratory Judgments, Promissory Estoppel, Breach of Contract, Tortious Business Interference, Intentional Infliction of Emotional Distress, and Civil Conspiracy" against appellants and other defendants, and later filed an amended complaint. The trial court issued several judgment entries. In a March 5, 2024 entry, the trial court awarded appellees actual and punitive damages of specific amounts and awarded attorney fees in an amount to be determined by the court at a later date. This appeal ensued.

{¶3} This court issued an entry ordering appellants to show cause as to why this appeal should not be dismissed for lack of a final appealable order since there has not been an entry by the trial court determining the specific amount of attorney fees to be awarded. Appellants filed a response conceding that there may not be a final and appealable order. Appellants also requested the case be remanded to the trial court because it is not final with an instruction for the trial court to dissolve the judgment liens filed against them and cease any wage garnishments. Appellees responded to the request to dissolve judgment liens and cease garnishments indicating that if there is no final order, an appellate court is without jurisdiction to remand the case or issue any instructions and must dismiss the appeal.

{¶4} We must determine if there is a final order, as this court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court judgment can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 2003-Ohio-6241 at ¶ 3 (11th Dist.). If a lower court's order is not final, then an appellate court does not have jurisdiction to review the case, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

2

Case No. 2024-L-057

For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 2011-Ohio-6838 at ¶ 3 (11th Dist.).

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶6} This court has stated that an entry that "expressly orders attorney fees but does not specify an amount of fees is not a final appealable order." *Redding v. U.S. Parachute Assn.*, 2024-Ohio-1651 at ¶ 5 (11th Dist.). In the case at hand, the trial court's March 5, 2024 entry awarded attorney fees to appellees but deferred the amount to be determined at a later date. Until the attorney fee amount is determined, all matters before the trial court have not been resolved. Hence, there is not a final appealable order.

{¶7} Accordingly, this appeal is dismissed due to lack of jurisdiction.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

3

Case No. 2024-L-057