[Cite as *Elmview Professional Park Condominium I Owners Assn. v. Marafiote*, 2026-Ohio-2139.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

ELMVIEW PROFESSIONAL
PARK CONDOMINIUM I
OWNERS ASSOCIATION,

      Plaintiff-Appellee,

      - vs -

DENA K. MARAFIOTE,

      Defendant-Appellant.

CASE NO. 2026-T-0026

Civil Appeal from the
Central District Court

Trial Court No. 2025 CVF 00049

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: June 8, 2026
Judgment: Appeal dismissed

---

*Dena K. Marafiote*, pro se, 3008 State Route 5, Suite 1, Cortland, OH 44410 (Defendant-Appellant).

*W. Chad Kelligher*, 3450 Niles-Cortland Road, N.E., Suite B, Cortland, OH 44410 and *Daniel A. Leister*, Lewis Brisbois Bisgaard & Smith, L.L.P., 1375 East 9th Street, Suite 2250, Cleveland, OH 44114 (For Plaintiff-Appellee).

ROBERT J. PATTON, J.

{¶1} Appellee, Elmview Professional Park Condominium I Owners Association, filed a complaint against appellant, Dena K. Marafiote, for unpaid assessments. In a March 6, 2026 judgment entry, the trial court awarded judgment to Elmview in the amount of $5,848.45, plus interest and court costs. The court further found that Elmview was entitled to recover reasonable attorney fees and ordered Elmview to submit documentation "as it deems appropriate to identify the amount and reasonableness of

[the] fees . . . ."  The court stated it would then issue a decision on reasonable legal fees. This appeal ensued.

{¶2}  Since this court may entertain only those appeals from final judgments, we must determine if there is a final order.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Ohio Const., art. IV, § 3(B)(2) provides that a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Koleno v. Koleno*, 2026-Ohio-1876, ¶ 2 (11th Dist.).  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed.  *Id.*  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *Raj Holdings, Inc. v. Helman,* 2024-Ohio-5552, ¶ 4 (11th Dist.).

{¶3}  Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶4}  This court has indicated that a judgment entry that expressly orders attorney fees but does not specify an amount of fees is not a final appealable order.  *Raj Holdings*, 2024-Ohio-5552, at ¶ 6.  Here, the March 6, 2026 entry awarded attorney's fees to appellees but deferred the amount to be determined later.  Until the attorney fee amount is determined, all matters before the trial court have not been resolved.

{¶5}  Accordingly, this appeal is dismissed due to lack of jurisdiction.


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2026-T-0026

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed for lack of jurisdiction.

Furthermore, any pending motions are hereby overruled as moot.

Costs to be taxed against appellant.


JUDGE ROBERT J. PATTON


PRESIDING JUDGE MATT LYNCH,
concurs


JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-T-0026